MARCO SIMONS, ESQ. [S.B. #237314]
marco@earthrights.org
RICHARD HERZ, ESQ.
rick@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street N.W., Suite 401
Washington, DC 20006
Telephone: (202) 466-5188
Facsimile: (202) 466-5189

ABBY RUBINSON, ESQ. [S.B. #257189]
abbyrubinson@gmail.com
862 Guerrero St., Apt. 1
San Francisco, CA 94110
Telephone: (415) 233-3304

JUDITH BROWN CHOMSKY
Law Offices of Judith Brown Chomsky
8120 New Second St.
Elkins Park, PA 19027
Telephone: (215) 782-8367
Facsimile: (215) 782-8368

Attorneys for Applicants Theophilus G. Metsagharun,
Jackson Omareye, Lofty Ogbe, Bawo Omadeli, and Gbejule Okoturo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Case No: CV 12-80 274 MISC

*IN RE* APPLICATION OF THEOPHILUS G. METSAGHARUN, *et. al.* FOR AN ORDER GRANTING LEAVE TO ISSUE SUBPOENAS FOR THE TAKING OF DISCOVERY PURSUANT TO 28 U.S.C. § 1782

**APPLICATION OF THEOPHILUS G. METSAGHARUN, *et. al.* FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

Date: January 11, 2013
Time: 10:00 a.m.
Courtroom: 6 - 17th Floor
Judge: Hon. Charles R. Breyer

28 U.S.C. §1782 APPLICATION OF THEOPHILUS G. METSAGHARUN, *et. al.*

# TABLE OF CONTENTS

INTRODUCTION AND SUMMARY OF ARGUMENT..................................................................1

FACTUAL BACKGROUND..........................................................................................................2

SECTION 1782 ENTITLES THE PLAINTIFFS TO TAKE DISCOVERY FROM CHEVRON..............6

    I.    Plaintiffs satisfy the three statutory prerequisites.................................................................6

    II.    The discretionary factors favor the grant of discovery........................................................7

        A.    Respondents are not parties to the Nigeria Litigation.........................................8

        B.    The discovery sought is relevant to and necessary for pending foreign proceedings...........8

        C.    Nigerian courts would accept federal court assistance under Section 1782................9

        D.    This application does not conceal an attempt to circumvent foreign proof-gathering restrictions........9

        E.    The discovery sought is narrowly tailored to the needs of the Nigerian litigation, and is neither burdensome nor intrusive................12

    IV. CONCLUSION....................................................................................................................12

# TABLE OF AUTHORITIES

*Abdullahi v. Pfizer, Inc.*, No. 01 Civ. 8118, 2002 U.S. Dist. LEXIS 17436
 (S.D.N.Y Sept. 17, 2002)..................................................................................................9

*Adamu v. Pfizer, Inc.*, 399 F. Supp. 2d 495 (S.D.N.Y. 2005)..................................................9

*Bowoto v. ChevronTexaco Corp.*, 312 F. Supp. 2d 1229 (N.D. Cal. 2004)............................5

*Bowoto v. ChevronTexaco*, 3:99-cv-02506-SI, Dkt # 1206 (N.D.Cal. August 22, 2006 )......6

*Brandi-Dohrn v. IKB Deutsche Industriebank Ag*, 673 F.3d 76 (2d Cir. 2012)......................9

*Chevron Corp. v. Berlinger*, 629 F.3d 297 (2d Cir. 2011).......................................................2

*Chevron Corp. v. Champ*, No. 1:10mc 27, 2010 U.S. Dist. LEXIS 97440
 (W.D.N.C. Aug. 28, 2010)..............................................................................................2

*Chevron Corp. v. E-Tech International*, No. 10cv1146-IEG (WMc),
 2010 U.S. Dist. LEXIS 94396 (S.D. Ca. Sept. 10, 2010)..........................................2, 8

*Chevron Corp. v. Shefftz*, 754 F.Supp. 2d 254 (D. Mass. 2010).........................................2, 10

*Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-cv-00047-MSK-MEH,
 2010 U.S. Dist. LEXIS 110023 (D. Colo. Oct. 1, 2010)...............................................2

*Cryolife, Inc. v. Tenaxis Med., Inc.*, No. C08-05124 HRL,
 2009 U.S. Dist. LEXIS 3416 (N.D. Cal. Jan. 13, 2009).....................................6, 7, 12

*Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373 (5th Cir. 2010).................................2

*Fleischmann v. McDonald's Corp.*, 466 F. Supp. 2d 1020 (N.D. Ill. 2006).........................12

*In re 28 U.S.C. § 1782*, 249 F.R.D. 96 (S.D.N.Y. 2008)......................................................12

*In re Bayer AG*, 146 F.3d 188 (3d Cir. 1998).........................................................................8

*In re Chevron Corp. (Berlinger)*, 709 F.Supp.2d 283 (S.D.N.Y. 2010)...............................10

*In re Chevron Corp. (Bonifaz)*, 762 F. Supp.2d 242 (D. Mass. 2010)...................................2

*In re Chevron Corp. (Calmbacher)*, No. 1:10-MI-0076-TWT-GGB,
 2010 U.S. Dist. LEXIS 114724 (N.D. Ga. Mar. 2, 2010).............................................2

*In re Chevron Corp. (Donziger)*, 749 F.Supp.2d 141 (S.D.N.Y. 2010)..............................2, 9

*In re Chevron Corp. (Quarles)*, No. 3:10-cv-00686,
 2010 U.S. Dist. LEXIS 120798 (M.D. Tenn. Aug. 17, 2010)..................................2, 11

*In re Chevron Corp. (Rourke)*, 753 F.Supp. 2d 536 (D. Md. 2010)..................................2, 10

*In re Chevron Corp. (Scardina)*, No. 7:10-mc-00067,
 2010 U.S. Dist. LEXIS 125174 (W.D. Va. Nov. 24, 2010)...........................................2

| | |
|---|---|
| *In re Chevron Corp. (Uhl, Baron, Rana & Associates)*, 633 F.3d 153 (3d Cir. 2011) | 2, 10, 11 |
| *In re Letters Rogatory From the Toyko District, Tokyo*, 539 F.2d 1216 (9th Cir. 1976) | 1 |
| *In re Republic of Ecuador (Borja)*, No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158 (N.D. Cal. Sept. 15, 2010) | 10 |
| *In re Republic of Ecuador (Kelsh)*, No. C 11-80171 CRB, 2011 U.S. Dist. LEXIS 108612 (N.D. Cal. Sept. 23, 2011) | 6 |
| *In re Republic of Ecuador (Mackay)*, 2:11-mc-00052 GSA, 2011 U.S. Dist. LEXIS 103360 (E.D. Cal. Sept. 12, 2011) | 10 |
| *In re Roz Trading Ltd.*, Case No. 1:068 cv-02305-WSD, 2007 U.S. Dist. LEXIS 2112 (N.D. Ga. Jan. 11, 2007) | 8, 9 |
| *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) | passim |
| *Metallgesellschaft v. Hodapp*, 121 F.3d 77 (2d Cir. 1997) | 7, 11 |
| *Minatec Fin. S.A.R.L. v. SI Group Inc.*, Civ. No. 1:08-CV-269 (LEK/RFT), 2008 U.S. Dist. LEXIS 63802 (N.D.N.Y. Aug. 18, 2008) | 10 |
| *U.S. v. Global Fishing, Inc.*, 634 F.3d 557 (9th Cir. 2011) | 6 |
| *Weber v. Finker*, 554 F.3d 1379 (11th Cir. 2009) | 8, 9 |

**U.S. Statutes**

| | |
|---|---|
| 28 U.S.C. § 1782(a) | passim |

**Nigerian Cases**

| | |
|---|---|
| *Gbemre v. Shell Petroleum Development Co. Nigeria Ltd. et. al.*, Federal High Court of Nigeria, Benin Judicial Division, Suit No. FHC/B/CS/53/05 (Nov. 14, 2005) | 3 |

1    Please take notice that on January 11, 2013 at 10:00 a.m., Applicants ("Applicants" or
2    "Plaintiffs") will move the Court for an order pursuant to 28 U.S.C. § 1782 to obtain discovery from
3    Respondents Chevron Corporation and Chevron U.S.A., Inc. ("CUSA"), (collectively "Chevron").[1] As
4    Section 1782 permits, Applicants seek this discovery for use in pending foreign proceedings in which
5    Applicants and Chevron's subsidiary are parties.[2]

6    Jurisdiction: This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this
7    matter arises under 28 U.S.C. § 1782.

8    Intradistrict Assignment: Respondents are headquartered in San Ramon, in Contra Costa County.
9    Pursuant to Civil L.R. 3-2(c) &(d), assignment to the San Francisco Division or the Oakland Division is
10   warranted.

## INTRODUCTION AND SUMMARY OF ARGUMENT

The Applicants, Theophilus G. Metsagharun, Jackson Omareye, Lofty Ogbe, Bawo Omadeli, and Gbejule Okoturo, are plaintiffs individually and as representatives of five villages in Ugborodo Community, Warri South West Local Government Area of Delta State, Nigeria in a suit in the Federal High Court of Nigeria, Asaba Judicial Division, *Theophilus G. Metsagharun et. al. v. Chevron Nigeria Ltd.*, SUIT No.: FHC/ASB/CS/130/2010. In that action, the Applicants allege that Chevron's Nigerian subsidiary, Chevron Nigeria Limited ("CNL"), is liable for environmental and other damages caused by CNL's flaring of natural gas in the Applicants' villages. Neither Chevron Corporation nor CUSA is a party to that action.

The area near these villages is rich in crude oil. To extract it, the associated natural gas must be separated out. This gas could be harvested for productive use or re-injected into the ground. But instead,

---

[1] Although the Plaintiffs could proceed with this Application *ex parte, e.g., In re Letters Rogatory From the Toyko District, Tokyo*, 539 F.2d 1216, 1219 (9th Cir. 1976), they have chosen instead to serve this Application on the Respondents.

[2] Section 1782(a) provides: "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person . . ." 28 U.S.C. § 1782(a).

CNL has chosen the least costly and most harmful method—to simply burn the gas in huge flares in Plaintiffs' communities. This is illegal in Nigeria and has caused substantial harm to the people and environment of Ugborodo. When gas is flared, byproducts and unburned components include sulfur dioxide, dioxins and benzene. When associated gas is not burned efficiently, it is released unburned into the air as methane.

The questions in *Metsagharun* relate to the legality, extent and effect of the flaring in Ugborodo. Applicants herein seek discovery relevant to those issues: the production of required Environmental Impact Assessment ("EIA") documents and other evidence relating to the scope and impact of the flaring.

This Application satisfies each of Section 1782's statutory prerequisites. Chevron "reside[s]" and may be "found" in this District, the discovery is "for use in" a foreign proceeding, and the Applicants, as parties in *Metsagharun*, are the quintessential "interested persons" in that proceeding. 28 U.S.C. § 1782. The discretionary factors courts consider also favor granting this Application. Chevron is not a party in the foreign proceeding; the Nigerian courts will be receptive to Section 1782 assistance; this Application does not conceal an attempt to circumvent foreign proof-gathering restrictions and is a good faith effort to obtain probative evidence; and the discovery sought is not unduly intrusive or burdensome.

Accordingly, the Plaintiffs respectfully request that the Court grant this Section 1782 application as expeditiously as possible.[3]

---

[3] Chevron itself has made extensive use of Section 1782, bringing "at least 25 requests to obtain discovery from at least 30 different parties," in support of foreign environmental litigation. *In re Chevron Corp. (Uhl, Baron, Rana & Associates)*, 633 F.3d 153, 159 (3d Cir. 2011). It has successfully petitioned for discovery in courts in at least the First, Second, Third, Fourth, Fifth, Sixth, Ninth, Tenth and Eleventh Circuits. *E.g. Id.*; *Chevron Corp. v. Berlinger*, 629 F.3d 297 (2d Cir. 2011); *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373 (5th Cir. 2010); *In re Chevron Corp. (Calmbacher)*, No. 1:10-MI-0076-TWT-GGB, 2010 U.S. Dist. LEXIS 114724 (N.D. Ga. Mar. 2, 2010); *In re Chevron Corp. (Scardina)*, No. 7:10-mc-00067, 2010 U.S. Dist. LEXIS 125174 (W.D. Va. Nov. 24, 2010); *Chevron Corp. v. E-Tech International*, No. 10cv1146-IEG (WMc), 2010 U.S. Dist. LEXIS 94396 (S.D. Ca. Sept. 10, 2010); *In re Chevron Corp. (Bonifaz)*, 762 F. Supp.2d 242 (D. Mass. 2010); *In re Chevron Corp. (Quarles)*, No. 3:10-cv-00686, 2010 U.S. Dist. LEXIS 120798 (M.D. Tenn. Aug. 17, 2010); *Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-cv-00047-MSK-MEH, 2010 U.S. Dist. LEXIS 110023 (D. Colo. Oct. 1, 2010); *In re Chevron Corp. (Rourke)*, 753 F.Supp. 2d 536 (D. Md. 2010); *Chevron Corp.*

# FACTUAL BACKGROUND

CNL produces crude oil in Ugborodo Community, which is located in Warri South West Local Government Area of Delta State in Nigeria. In *Theophilus G. Metsagharun et. al. v. Chevron Nigeria Ltd.*, the Plaintiffs, as representatives of the members of the five villages in Ugborodo Community as well as on their own behalf, allege that CNL's activities, which include flaring of associated gas in their community, is extremely hazardous to the environment and to the Plaintiffs' health and livelihoods. Declaration of Richard Herz ("Herz Decl.") Ex. 1 (*Metsagharun et. al. v. Chevron Nigeria Ltd.* Statement of Claim ("SOC") at ¶¶1-5, 8, 19-22, 24-30, 34, 39).

The flaring at issue is illegal under Nigerian law. *See* Herz Decl. Ex. 2 (*Gbemre v. Shell Petroleum Development Co. Nigeria Ltd. et. al.*, Federal High Court of Nigeria, Benin Judicial Division, Suit No. FHC/B/CS/53/05 (Nov. 14, 2005)). The Plaintiffs allege that CNL's flaring in Ugborodo Community violates their right to life as guaranteed by the Nigerian Constitution, and their rights under the African Charter on Human and Peoples' Rights. Herz Decl. Ex. 1 (SOC at ¶ 38 and Relief ¶¶ 2-3, 5). The Plaintiffs also allege that CNL failed to conduct a statutorily required Environmental Impact Assessment before beginning its operations, and failed to conduct an Environmental Evaluation Report (EER) to determine the state of the environment since commencing gas flaring in the Plaintiffs' Community. *Id.* SOC at ¶¶31-33 and Relief ¶4. The Plaintiffs seek damages and an injunction restraining CNL from further gas flaring in Ugborodo Community, *id.* at Relief ¶¶ 6-7, as has previously been awarded in similar circumstances. *See* Herz Decl. Ex. 2 (*Gbemre*, Suit No. FHC/B/CS/53/05 at 29-31 (holding that flaring violated plaintiff's rights under the Nigerian Constitution, as reinforced by the African Charter on Human and Peoples' Rights (Ratification and Enforcement) Act, that defendants' failure to carry out EIA in the plaintiffs' community violated Nigerian statutory law and that the defendants were therefore enjoined from continuing to flare gas in the plaintiffs' community)).

The evidence sought from Chevron is relevant to show the scope and deleterious effect of the gas

---

*v. Shefftz*, 754 F.Supp. 2d 254 (D. Mass. 2010); *In re Chevron Corp. (Donziger)*, 749 F.Supp.2d 141 (S.D.N.Y. 2010), *aff'd.* 409 Fed. Appx. 393 (2d Cir. 2010); *Chevron Corp. v. Champ*, No. 1:10mc 27, 2010 U.S. Dist. LEXIS 97440 (W.D.N.C. Aug. 28, 2010).

flaring in the Plaintiffs' Community. The Applicants seek evidence regarding the effect of gas flaring on the environment, health and livelihood of the Plaintiffs and their Community, the quantity of gas flared by CNL in and around the Plaintiffs' Community and the extent of CNL investment in gas flaring in the Plaintiffs' Community. This evidence will assist the Federal High Court of Nigeria in determining whether CNL is liable and if so the extent of the compensation payable to the Community for the pollution arising from gas flaring.

Some of the documents sought are Environmental Impact Assessments. CNL has represented to the Nigerian court that it carried out such assessments regarding Ugborodo Community. Herz Decl. Ex. 3 (Statement of Defence ("SOD") at ¶ 11). CNL, however, has refused to produce documentation of any such assessment.[4] If such documents exist, they would be highly relevant. The Plaintiffs applied to the Federal High Court for an order requiring CNL to produce these documents. CNL, however, successfully opposed the application; the Federal High Court accepted CNL's claim that it did not have the documents and found that they could be obtained from a public agency, and thus denied the application. Herz Decl. Ex. 4 (Order); Herz Decl. Ex. 5 (Def. Opposition at 3-4). The Plaintiffs have appealed that order to the Court of Appeal of Nigeria, Benin Division. The Federal Ministry of Environment in Abuja simply dumps, unfiled, EIAs including these into two forty-foot containers holding an estimated 50,000 EIA reports. Declaration of George Ogara at ¶5.

There is every reason to believe that Chevron possesses this and other critical evidence about

---

[4]CNL pleaded but refused to produce: (1) Environmental Impact Assessment (E.I.A.) Approved for Escravos Gas Plant, (Phase 3) EPG – 3 Project stated in the letter dated 14/5/2004 by Federal Ministry of Environment and letter dated 12/1/2010 by the Department of Petroleum Resources; (2) Environmental Impact Assessment Study Report for the Development Drilling in Chevron Nigeria Limited Meren Field stated in the letter dated 14/9/2008 by the Department of Petroleum Resources; (3) Final Report on the Environmental Impact Assessment of Development Drilling in CHEVRON NIGERIA LIMITED South off shore Asset – Mefe Field as stated in the letter dated 18/6/2009 by the Department of Petroleum Resources; (4) Environmental Impact Assessment Study Report for Development Drilling in CHEVRON NIGERIA LIMITED Delta, Meji and Parabe Fields as stated in the letter dated 13/4/2010; (5) Final Report of the Environmental Impact Assessment for Development Drilling in CHEVRON NIGERIA LIMITED South of shore Asset, Delta South Field; (6) Gas Flaring Certificate for Delta South Field, Okan Field, Mefa Field, Meji Field and Meren Field. *See* Herz Decl. Ex. 3 (SOD at ¶ 11).

CNL's gas flaring practices. Chevron is an "integrated energy compan[y]" that "conducts business worldwide." Herz Decl. Ex. 6 (Chevron 2011 Annual Report at 6). Indeed, CNL refers to itself the same way in the Nigeria litigation. Herz Decl. Ex. 3 (SOD at ¶8(c)("defendant's operation in the area herein before pleaded and *indeed worldwide*...")(emphasis added)). And as detailed below, CNL is a major part of Chevron's business.

Moreover, as Chevron admits on its website, one of "[t]he two primary sources of our [greenhouse gas] emissions ... [is] flaring of the natural gas that is extracted along with crude oil," and Chevron claims to be "working to minimize gas flaring and venting and the [greenhouse gas] emissions that result from this practice," including through a project at Escravos, Herz Decl. Ex. 7 (http://www.chevron.com/globalissues/climatechange/.), a CNL facility in or near Ugborodo for which CNL pleaded but refused to produce an Environmental Impact Assessment in *Metsagharun*. Indeed, Chevron purports to have a company-wide system of reporting greenhouse gas emissions data. *Id.*

Chevron's unusual control over CNL gives the Plaintiffs further reason to believe that Chevron has relevant information. Indeed, in assessing the relationship between Chevron and CNL, a court in this District held that there was evidence of "close monitoring of CNL activities" by Chevron that "could be found to be well beyond the review of a subsidiary entity which a parent corporation normally performs." *Bowoto v. ChevronTexaco Corp.*, 312 F. Supp. 2d 1229, 1244 (N.D. Cal. 2004).[5] The court further noted that "Chevron expressed a commitment to 'monitor daily business operations . . . to ensure consistent compliance with Company policies, procedures and standards.'" *Id.* The court also found evidence that CNL was a key part of Chevron's business, and that Chevron held out to the public that CNL is a department of Chevron's business. *Id.* at 1245.[6] Indeed, the court found evidence of daily

---

[5] The court was assessing the relationship based on evidence from the late 1990s, but there is no reason to believe that these aspects of the internal structure of Chevron have materially changed, given that Chevron remains an integrated oil company.

[6] The court noted: "Chevron describes itself in its annual report as 'an international company, that through its subsidiaries and affiliates, engages in fully integrated petroleum operations, chemical operations and coal mining in the United States and approximately 90 countries.'" *Id.* at 1245. Chevron describes itself similarly in its most recent annual report. Herz Decl. Ex. 6 (Chevron 2011 Annual Report at 6). The report also notes that Nigeria is one of only three countries (in

communications between CNL and defendants, including that CNL submitted drilling reports to Chevron every day. *Id.* at 1245-46. Thus, the court concluded based on this and other evidence that a reasonable juror could find that Chevron "had much more than the usual degree of control over CNL's operations" than a parent typically exercises over its subsidiary, and that CNL was Chevron's agent. *Id.* at 1244, 1246.[7]

Indeed, the fact that CNL's drilling and production facilities provide daily, weekly and/or monthly reports to Chevron, including production figures, in and of itself demonstrates the likelihood that Chevron has relevant evidence, since those reports are likely to provide evidence regarding the amount of gas flared.

## SECTION 1782 ENTITLES THE PLAINTIFFS TO TAKE DISCOVERY FROM CHEVRON

Congress intended Section 1782 to provide "broad assistance" to foreign tribunals. *U.S. v. Global Fishing, Inc.*, 634 F.3d 557, 563 (9th Cir. 2011). An applicant's burden under Section 1782 is "minimal." *In re Republic of Ecuador (Kelsh)*, No. C 11-80171 CRB, 2011 U.S. Dist. LEXIS 108612 (N.D. Cal. Sept. 23, 2011). The Applicants easily meet it here; the discovery is exactly the type of assistance to foreign courts that Congress contemplated. The Court should grant the application.

### I. Plaintiffs satisfy the three statutory prerequisites.

Discovery pursuant to 28 U.S.C. § 1782 has three statutory prerequisites, each of which Applicants satisfy here. "The statute may be invoked where (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an 'interested person.'" *See Cryolife, Inc.* v. *Tenaxis Med., Inc.*, No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416 at *3 (N.D. Cal. Jan. 13, 2009) (citation omitted).

---

addition to the US and Australia) that accounts for 10 percent or more of the company's net properties, plant, and equipment. *Id.* at 49.

[7]CUSA, through one of its divisions, provides technical and other related services for foreign oil and gas exploration and production by Chevron entities, including to CNL through a Counsel and Services Agreement. *See* Herz Decl. Ex. 8 (*Bowoto v. ChevronTexaco*, 3:99-cv-02506-SI, Dkt # 1206 at 3 (N.D.Cal. August 22, 2006))

First, both Chevron entities reside or may be found in this District—they are headquartered in San Ramon. Second, Plaintiffs seek discovery for use in a proceeding before a foreign tribunal, the Federal High Court of Nigeria, Asaba Judicial Division. Third, the Applicants, as parties to the Nigerian case, are "interested person[s]"; indeed, litigants in a foreign proceeding "are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). All of Section 1782's statutory prerequisites are met.

## II. The discretionary factors favor the grant of discovery.

Once the statutory requirements are met, a district court "is free to grant discovery in its discretion." *Metallgesellschaft v. Hodapp*, 121 F.3d 77, 78 (2d Cir. 1997). This discretion "must" be exercised in light of the statute's twin aims: "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Id.* at 79; *accord Cryolife, Inc.*, 2009 U.S. Dist. LEXIS 3416 at *4.

The Supreme Court identified four factors that "bear consideration" by district courts in exercising their discretion to grant a Section 1782 application: (1) whether the person from whom discovery is sought is a party in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign tribunal to federal-court assistance; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is unduly intrusive or burdensome. *Intel*, 542 U.S. at 264-65.

Since these factors are discretionary, not mandatory, a failure to meet any of them does not preclude discovery. Accordingly, in *Intel*, the Supreme Court noted as to the first factor that "when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant," because the foreign tribunal itself can order the party to produce the evidence. 542 U.S. at 264. Nonetheless, although the respondent was a party to the underlying case, the Supreme Court

28 U.S.C. §1782 APPLICATION OF THEOPHILUS G. METSAGHARUN, *et. al.*

7

refused to preclude discovery, instead remanding to the lower courts to determine what if any judicial assistance to the foreign tribunal was appropriate. *Id.* at 246, 264, 266.

These factors on balance strongly favor granting the requested discovery.

### A. Respondents are not parties to the Nigeria litigation.

Section 1782 discovery is particularly warranted where the respondent is not a participant in the foreign litigation, since nonparticipants may be outside the foreign tribunal's jurisdiction, and their evidence therefore otherwise unavailable. *Intel*, 542 U.S. at 264; *accord Chevron Corp. v. E-Tech International*, 2010 U.S. Dist. LEXIS 94396 at *12. That is precisely the circumstance here. Chevron Corporation and CUSA are not parties to the foreign proceeding, and they are located in San Ramon, California, outside the jurisdiction of Nigeria's courts. This is not a situation where the "foreign tribunal has jurisdiction over [Chevron], and can [itself] order [Chevron] to produce evidence." *Id.* at 264. "[O]n this ground alone the first *Intel* factor is satisfied." *In re Roz Trading Ltd.*, Case No. 1:068 cv-02305-WSD, 2007 U.S. Dist. LEXIS 2112 at *6 (N.D. Ga. Jan. 11, 2007).

### B. The discovery sought is relevant to and necessary for pending foreign proceedings.

The discovery sought from Chevron is undeniably relevant to the Nigerian litigation. Relevant information is "presumptively discoverable" under Section 1782. *In re Bayer AG*, 146 F.3d 188, 195-96 (3d Cir. 1998); *accord Weber v. Finker*, 554 F.3d 1379, 1385 (11th Cir. 2009) (holding §1782 discovery is governed by the Federal Rules of Civil Procedure, which allow discovery of "relevant" evidence).

The Plaintiffs seek documents and a Rule 30(b)(6) deposition that will shed light on:

- the effect of CNL's gas flaring in the Plaintiffs' community, including the effects on the traditions, health, environment and livelihood of the Plaintiffs, and CNL's knowledge of such effects;
- the quantity of gas flared by CNL in the Plaintiffs' community;
- environmental impact assessments conducted by CNL regarding flaring in Plaintiffs' community or the lack thereof;
- the policies and practices CNL follows with respect to flaring;
- efforts by CNL, if any, to reduce flaring in Plaintiffs' community.

This evidence will assist Plaintiffs and the Federal High Court in determining liability and the extent of

1 | the compensation payable for the pollution caused by CNL's gas flaring, and will assist the High Court
2 | in deciding whether to issue an injunction barring CNL from further flaring in the Plaintiffs' community.

### C. Nigerian courts would accept federal court assistance under Section 1782.

The Federal High Court of Nigeria will accept evidence produced through discovery in the United States; there is no bar to admitting such evidence. Indeed, a court in the Southern District of New York implicitly found that Nigerian courts would accept section 1782 evidence, holding that the fact that evidence in a U.S. defendant's possession would be subject to section 1782 discovery, and thus would facilitate a Nigeria action, weighed in favor of granting *forum non conveniens* dismissal to Nigeria. *Adamu v. Pfizer, Inc.*, 399 F. Supp. 2d 495, 506 (S.D.N.Y. 2005), *rev'd on other grounds Abdullahi v. Pfizer, Inc.*, 562 F.3d 163 (2d Cir. 2009); *Abdullahi v. Pfizer, Inc.*, No. 01 Civ. 8118, 2002 U.S. Dist. LEXIS 17436 (S.D.N.Y Sept. 17, 2002), *vacated on other grounds Abdullahi v. Pfizer, Inc.*, 77 Fed. Appx. 48 (2d Cir. 2003).

Regardless, there is no requirement that the evidence be admissible in the Nigerian court for it to be discoverable under Section 1782. *Brandi-Dohrn v. IKB Deutsche Industriebank Ag*, 673 F.3d 76, 81-82 (2d Cir. 2012) (collecting cases); *Weber*, 554 F.3d at 1385 (permitting discovery "for context" and holding that evidence need not be actually used in the foreign proceeding); *In re Roz Trading Ltd.*, 2007 U.S. Dist. LEXIS 2112 at *7 (finding it proper to grant § 1782 request, even if the foreign panel deciding would not order similar discovery or ultimately decides not to accept the specific discovery). Indeed, the Supreme Court held that a Section 1782 application may be granted even in the face of the foreign tribunal's express opposition. *See Intel Corp.*, 542 U.S. at 265 (holding that Section 1782 discovery could be proper despite the fact that the foreign tribunal "ha[d] stated in *amicus curiae* briefs to this Court that it does not need or want the District Court's assistance"); *see also Chevron Corp. (Donziger)*, 749 F. Supp. 2d at 161 (holding that even opposition of foreign court would not be dispositive).

### D. This application does not conceal an attempt to circumvent foreign proof-gathering restrictions.

Plaintiffs' application is not an attempt to circumvent foreign proof-gathering restrictions. As Chevron has successfully argued elsewhere, there is no such attempt where the foreign tribunal lacks

jurisdiction to compel the respondent to provide evidence.[8] The inquiry "is whether the discovery is being sought in bad faith." *Shefftz*, 754 F. Supp. 2d at 262; *accord Minatec Fin. S.A.R.L. v. SI Group Inc.*, Civ. No. 1:08-CV-269 (LEK/RFT), 2008 U.S. Dist. LEXIS 63802 at *25-26 (N.D.N.Y. Aug. 18, 2008). The Plaintiffs' Application is a good-faith effort to obtain probative evidence for use in the Nigerian litigation.

That the Nigerian court denied Plaintiffs' attempt to receive from CNL certain EIAs—a subset of the evidence sought here—is immaterial even with respect to those documents. The Nigerian court accepted CNL's argument that it did not have the documents and found that they are available from a public agency. Herz Decl. Ex. 4 (October 24, 2011 Ruling at 3-4); Herz Decl. Ex. 5 (Def. Opposition at 3-4). The information is not inherently undiscoverable in Nigeria, and the Nigerian court's reliance on its finding that the documents could be obtained from a public agency makes clear that the court would consider the evidence if Plaintiffs can acquire it.

Even if this particular evidence were inherently undiscoverable in Nigeria, that would not bar this discovery here. As the Supreme Court has ruled and as Chevron has successfully argued elsewhere, Section 1782(a) does not require that evidence sought in the United States would be discoverable in the foreign tribunal. *Intel*, 542 U.S. at 247, 253, 259-62; *accord Chevron Corp. (Uhl, Baron, Rana & Associates)*, 633 F.3d at 163 (granting Chevron discovery regardless of whether foreign court denied Chevron the same documents, because court might offer limited discovery yet accept relevant evidence if procured without its assistance); *Chevron Corp. (Rourke)*, 753 F. Supp. 2d at 540. This is so because "[a] foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture, or traditions — reasons that do not necessarily signal objection to aid from United States federal

---

[8] *In re Chevron Corp. (Berlinger)*, 709 F.Supp.2d 283, 292-293 (S.D.N.Y. 2010), *aff'd Chevron Corp. v. Berlinger*, 629 F.3d 297 (2d Cir. 2011); *accord In re Republic of Ecuador (Borja)*, No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158 at *12 (N.D. Cal. Sept. 15, 2010); *In re Republic of Ecuador (Mackay)*, 2:11-mc-00052 GSA, 2011 U.S. Dist. LEXIS 103360 at *7 (E.D. Cal. Sept. 12, 2011).

1  courts." *Intel*, 542 U.S. at at 261.[9]

2  Indeed, where, as here, the foreign tribunal would accept information discovered in the United
3  States, whether that tribunal itself permits the discovery is irrelevant. As the Supreme Court held, to
4  preclude discovery in such circumstances "would serve only to thwart § 1782(a)'s objective to assist
5  foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons
6  having no bearing on international comity, they cannot obtain under their own laws" and thus "would be
7  senseless." *Id.* at 262.

8  In sum, Section 1782 "authorize[s] discovery which, in some cases, would not be available in
9  foreign jurisdictions"; "[i]f district courts were free to refuse discovery based upon [such] unavailability
10 ... § 1782 would be irrelevant to much international litigation, frustrating its underlying purposes."
11 *Metallgesellschaft*, 121 F.3d at 80. Thus, as Chevron successfully argued in the Third Circuit, where a
12 foreign court might be receptive to section 1782 evidence even if it declined to order production of the
13 same evidence, "it would be a stretch to conclude that the section 1782 proceeding was an attempt to
14 circumvent [foreign] restrictions that somehow was offensive to the [foreign] Court." *Chevron Corp.*
15 *(Uhl, Baron, Rana & Associates)*, 633 F.3d at 163.

16 Nor does it matter that the Nigerian government also has the EIAs. *See Chevron Corp. (Quarles)*,
17 2010 U.S. Dist. LEXIS 120798 at *7-8, n.4 ("Respondent nevertheless argues that the materials sought
18 are available from the Ecuadorian court. The relevant inquiry under *Intel* is whether the foreign tribunal
19 has jurisdictional reach over Respondent, which is not apparent here."). Regardless, as a practical matter,
20 these documents are unavailable from the Nigerian Government, because EIAs, including these, are
21 simply dumped into two forty-foot containers at the Federal Ministry of Environment in Abuja.
22 Declaration of George Ogara at ¶5. To find them would require rooting through a pile containing an

---

[9] Nor may the court deny this particular discovery because the issue is on appeal in Nigeria. A district court may not refuse Section 1782 discovery because a foreign tribunal has not yet considered a similar discovery request. *Metallgesellschaft*, 121 F.3d at 79. Because such a "quasi-exhaustion requirement" finds no support in the statute's plain language and contravenes its express purpose of improving assistance to foreign tribunals by imposing additional burdens on applicants, imposing such an extra-statutory requirement is an abuse of discretion. *Id.*

estimated 50,000 EIA reports. *Id.* at ¶5.

The fact that the Plaintiffs have thus far been unable to obtain these documents in Nigeria simply highlights the need for such discovery here and therefore weighs in favor of the application. *Cryolife* is instructive. There, the court recognized that where the party against whom discovery was sought was a party to the foreign litigation there ordinarily would be less need for § 1782 assistance, since the foreign tribunal itself could order the party to produce the evidence. 2009 U.S. Dist. LEXIS 3416 at *5-6. Nonetheless, the court held that because it was unclear whether such discovery was permissible in the foreign forum, that factor was neutral, and ultimately granted discovery. *Id.* at *5-7, 15.

### E. The discovery sought is narrowly tailored to the needs of the Nigerian litigation, and is neither burdensome nor intrusive.

Discovery under Section 1782 is governed by the Federal Rules of Civil Procedure, and may be as broad and as liberal as the Rules allow. *See, e.g., In re* 28 *U.S.C.* § 1782, 249 F.R.D. 96, 106-07 (S.D.N.Y. 2008); *Fleischmann* v. *McDonald's Corp.*, 466 F. Supp. 2d 1020, 1029 (N.D. Ill. 2006). Here, the limited discovery sought from Respondents is neither unduly intrusive nor burdensome and falls well within the scope of discovery that the Federal Rules allow.

## IV. CONCLUSION

The information sought by this Application is essential to the full and fair adjudication of *Metsagharun et. al. v. Chevron Nigeria Ltd.* For the foregoing reasons, the Plaintiffs respectfully request that the Court enter an Order granting leave to serve Chevron with the discovery annexed to the Herz Declaration as Exhibits 9 and 10.

Date: November 28, 2012

Respectfully Submitted,

Marco Simons  By RLH
EarthRights International
1612 K Street, N.W. Suite 401
Washington, DC 20006
Counsel for Applicants

28 U.S.C. §1782 APPLICATION OF THEOPHILUS G. METSAGHARUN, *et. al.*
12